UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL F. PALAZZO and TIMOTHY MICHAEL BECKETT,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOHN BONAVENTURA, et al.<br><br>　　　　　　　　Defendant. | Case No. 2:12:cv-00562-MMD-VCF<br><br>ORDER<br><br>(Motions to Remand to State Court – Dkt. nos. 10 and 11)<br><br>(Requests for Sanctions – Dkt.nos. 15 and 16) |

Before the Court are Plaintiff Daniel Palazzo's and Plaintiff Timothy Michael Beckett's **Motions to Remand to State Court** (dkt. nos. 10 and 11), and **Requests for Sanctions**. (Dkt. nos.15 and 16). Both Plaintiffs are represented by the same attorney and filed nearly identical pleadings and the Court treats them as one. For the reasons set forth below, the Court denies the motions.

**I.    BACKGROUND**

This dispute arose from the alleged wrongful demotion and termination of two constables, Daniel Palazzo and Michael Beckett, formerly employed with the Las Vegas Township Constable Office. The complaint alleges claims for violation of Plaintiffs' constitutional rights under the First Amendment and the Fourteenth Amendment to the United States Constitution and state common law claims. (Dkt. no. 1, Ex. A at 14-26).

Plaintiffs filed their complaint in the Eight Judicial District Court. Defendant timely removed the action based on federal question jurisdiction. Plaintiffs then filed separate motions for remand and included a request for sanctions in their separate reply briefs.

## II.  MOTION TO REMAND TO STATE COURT

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). If removal was improper and the federal court lacks jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

A district court analyzes jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

This case was properly removed by Defendant. The Court has jurisdiction because on its face the complaint presents two federal questions: a First Amendment claim and a Fourteenth Amendment claim. *See* 28 U.S.C. § 1331; (Dkt. no. 1 at ¶¶ 28-42).

The issue most briefed by the parties regarding this motion is whether the case was improperly removed pursuant to 42 U.S.C. § 1983. However, because of the other federal causes of action alleged in the complaint, much of the dispute is superfluous. Plaintiffs argue that Defendant improperly removed the case pursuant to § 1983 because Plaintiffs' complaint does not allege a § 1983 violation. Plaintiffs are correct that Defendant's Notice of Removal is entitled "Notice of Removal Pursuant to 42 U.S.C. § 1983," (dkt. no. 1 at 2), and that Plaintiffs do not allege a § 1983 violation in their complaint. But as mentioned, this is of no import because the face of the complaint does include two Constitutional causes of action, both listed by Defendant as other bases for removal in its Removal Petition. (Dkt. no. 1 at 3). Plaintiffs agree that this case involves federal causes of action. The first page of the complaint describes this case as a "classic . . . First Amendment violation." (Dkt. no. 1, Ex. A at 14). And in its Motion to

Remand to State Court, Plaintiffs admit that they listed these federal claims in their complaint, and in fact continue to argue that Defendant violated Plaintiffs' constitutional rights in that very pleading. (*See, e.g.,* dkt. no. 10 at 2).

Plaintiffs assert, however, that the constitutional claims are secondary to the state law breach of contract claims, and therefore the case does not "arise under" the United States Constitution. (*Id.* at 9.) The Court rejects Plaintiffs' argument. Because this case involves federal and state claims arising out of the same event, this Court has jurisdiction to hear all claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (citing 28 U.S.C. § 1367(a)). The "provision applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one of which the district courts . . . have original jurisdiction." *Id.* (internal quotation marks omitted). A federal court has supplemental jurisdiction over state law claims so long as the claims are derived "'from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional' case." *Id.* at 165 (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

The federal and state law claims in this case derive from a common nucleus of operative fact: the events leading up to Plaintiffs' terminations and the terminations themselves. In fact, Plaintiffs assert detailed allegations in support of their first two federal claims for violation of the First Amendment and the Fourteenth Amendment, and then rely on the same factual allegations "as described above" in support of their three state law claims. (Dkt. no. 1, Ex. A at ¶¶48, 53, 58.)

///

///

### III. REQUEST FOR SANCTIONS

Plaintiffs included a request for sanctions in their separate reply briefs. Because the Court denies the motions to remand, the Court also denies the requests for sanctions.

### IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' motions to remand to state court and requests for sanctions are DENIED.

ENTERED THIS 12th day of June 2012.

_____
UNITED STATES DISTRICT JUDGE