UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL F. PALAZZO and TIMOTHY MICHAEL BECKETT,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN BONAVENTURA, et al.,<br><br>Defendants. | Case No. 2:12-cv-00562-MMD-GWF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 6; Plfs.' Motions for Leave to File First Amended Complaint – dkt. nos. 24, 25) |

Before the Court are Defendants' Motion to Dismiss (dkt. no. 6), and Plaintiffs' Motions for Leave to File a First Amended Complaint (dkt. nos. 24, 25).

**I.  BACKGROUND**

This is a breach of employment contract dispute regarding the alleged wrongful demotion and termination of two constables, Daniel Palazzo and Michael Beckett, formerly employed with the Las Vegas Township Constable Office ("LVTCO").

In September 2011, a producer of a reality television show approached the LVTCO about filming a reality show that would capture the daily happenings of LVTCO deputies and other employees. Defendant Constable John Bonaventura asked certain LVTCO constables, including Palazzo and Beckett, their opinion on whether LVTCO should agree to be filmed for the program. Palazzo and Beckett strongly recommended against participating. Despite this, Bonaventura agreed to film a pilot episode.

On or about December 16, 2011, the producers of the show provided Constable Bonaventura with the completed pilot. Bonaventura subsequently uploaded the video to

his personal website. Despite an attempt to make the video password-protected, the pilot made its way to various public forums, including YouTube. The video contained interviews of high-ranking members of LVTCO and clips of constables engaging in highly unprofessional activity.

Due to wide public dissemination of the video, Constable Bonaventura was asked to appear in front of the Clark County Commission to answer questions regarding the video's contents. Constable Bonaventura requested that Palazzo and Beckett attend in his place, and that they tell the Commission Bonaventura was "under the weather." Plaintiffs refused, though they told Constable Bonaventura they would accompany him and help him answer questions from the Commissioners.

Ultimately, Constable Bonaventura found other LVTCO employees to represent him in front of the Commission. At the meeting, County Commissioners expressed displeasure with the contents of the video and disappointment with the fact that Constable Bonaventura was not there.

Shortly after the Commission met, Constable Bonaventura demoted Palazzo and Beckett, significantly reducing their responsibilities and salaries. Notably, both men had received high marks on previous employment evaluations. At the same time, Bonaventura promoted the LVTCO employees who had appeared in front of the Commission on his behalf. When Palazzo and Beckett approached Constable Bonaventura about their demotions, Bonaventura told them that he felt they had abandoned him when they refused to appear in his place in front of the County Commissioners.

On January 29, 2012, a letter was sent to Constable Bonaventura on behalf of Palazzo and Beckett protesting their demotions as unlawful retaliation. The next day, Constable Bonaventura issued a directive stating that any LVTCO employee who had not signed certain employment forms would be terminated if they did not do so before January 31. Beckett had already completed the requested forms. Palazzo completed
///

his forms on January 30, however he amended the forms to read that he was signing them "under protest" and "with reservation of all rights."

On January 31, 2012, Bonaventura informed Palazzo and Beckett that he was not renewing their appointments.

Plaintiffs filed this case on March 13, 2012 in the Eighth Judicial District Court of the State of Nevada, alleging violation of the First and Fourteenth Amendments, intentional infliction of emotional distress, breach of contract, and breach of the covenant of good faith and fair dealing. Plaintiffs are seeking reinstatement and other injunctive relief.

## II.   PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff proposes adding two claims for violations of 42 U.S.C. § 1983 as well as a cause of action for violating NRS § 613.075. (Dkt. no. 24 at 4.) The § 1983 actions are counterpart to Plaintiffs' existing causes of action under the First and Fourteenth Amendments. *Accord Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'") (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The NRS 613.075 cause of action concerns Defendant Bonaventura's failure to produce the personnel files Plaintiffs request.

### A.   Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R .Civ. P. 15(a); *see also, e.g., Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pac. Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

### B. Analysis

Plaintiffs seek leave to amend to add a cause of action and to make their already-pled First and Fourteenth Amendment causes of action cognizable. Therefore, the amendment is not futile. And there is no evidence that Plaintiffs seek leave to amend in bad faith.

Moreover, the parties are in the early stages of litigation and discovery has yet to commence. As such, Defendants will not be prejudiced by the amendment.

### III. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6). However, as the Court grants Plaintiffs' Motions for Leave to File an Amended Complaint, Defendants' Motion to Dismiss is denied as moot. The Motion is denied without prejudice.

### IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motions for Leave to File an Amended Complaint (dkt. nos. 24, 25) are GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (dkt. no. 6) is DENIED AS MOOT AND WITHOUT PREJUDICE.

DATEED THIS 23rd day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE